# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW A. GUERS, | |
| Plaintiff, | Hon. Joseph H. Rodriguez |
| v. | Civil Action No. 1:13-cv-7734 |
| JONES LANG LASALLE AMERICAS, INC., | MEMORANDUM OPINION |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be granted. As such, Plaintiff's claims will be dismissed without prejudice.

## I.   Background

Plaintiff Matthew A. Guers ("Plaintiff") was employed by Defendant Jones Lang LaSalle Americas, Inc. ("Defendant") as a real estate agent/broker. (Compl. ¶ 2.) As an employee of Defendant, Plaintiff was paid by commission. (Compl. ¶ 2.) Plaintiff claims to have met or exceeded goals for payment of commissions. (Compl. ¶ 3.) In February 2013, Defendant fired Plaintiff, claiming that Plaintiff breached Defendant's ethical code by obtaining information in possession of another agent/broker. (Compl. ¶ 7.) As a result, Plaintiff was terminated and accordingly denied the commissions he claims to have earned throughout the course of his employment. (Compl. ¶ 10.) The total value of the commissions Plaintiff claims he is entitled to is $65,546.45. (Compl. ¶ 12.)

Plaintiff claims that the allegation that Plaintiff breached Defendant's ethical code is false. He further claims that the allegation was made by Defendant either knowingly and/or negligently with the intent to deprive Plaintiff of his commissions and

1

to libel/slander Plaintiff.  (Compl. ¶¶ 8, 9.)  Plaintiff thus seeks a favorable judgment and requests damages in the amount of $65,546.45; attorneys' fees, interest, and suit costs; punitive, consequential, treble, special and/or exemplary damages; and any other relief deemed appropriate by this Court.  (Compl. ¶ 13.)  Accordingly, Plaintiff brings claims for breach of contract, libel and/or slander, intentional infliction of emotional distress, fraud/conversion, violation of the New Jersey Consumer Fraud Act, improper termination, and under the theory of quantum meruit.  The Court will address each of these claims in turn.

## II.   Standard

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim.  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1]  See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the Court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 556).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 680.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")).  Accord Iqbal, 556 U.S. at 679 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted).  See also Iqbal, 556 U.S. at 678

---

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred.  "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Further, Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), a plaintiff must plead "with particularity 'the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.'" Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004) (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)).

There are two ways to satisfy the particularity requirement. See Lum, 361 F.3d at 224. First, a plaintiff may plead the "date, place or time" of the fraudulent act. Id. (quoting Seville, 742 F.2d at 791) (internal quotations omitted). Second, a plaintiff may use "alternative means [to] inject[ ] some measure of substantiation into their allegations of fraud." Id. (internal quotations omitted). Still, the plaintiff must plead enough to substantiate the allegations of fraud being made and may not rely on

4

"conclusory statements." NN&R, Inc. v. One Beacon Ins. Group, 362 F. Supp. 2d 514, 518 (D.N.J. 2005) (quoting Mordini v. Viking Freight, Inc., 92 F. Supp. 2d 378, 385 (D.N.J. 1999)).  At a minimum, a plaintiff "must allege who made a misrepresentation to whom and the general content of the misrepresentation." Lum, 361 F.3d at 224. Significantly, the heightened pleading standard required by Rule 9(b) applies to claims of fraud brought under New Jersey law.  Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

### III.  Discussion

**A.  Breach of Contract Claim**

Count II[3] of Plaintiff's Complaint asserts a claim for breach of contract.[4]  To state a breach of contract claim, a plaintiff must allege: (1) the existence of a contract between the parties, (2) a breach of that contract, (3) damages flowing from that contract, and (4) that the party bringing the breach of contract claim performed its own obligations under the contract.  Frederico, 507 F.3d at 203 (citing Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 210 F. Supp. 2d 552, 561 (D.N.J. 2002)).

As Plaintiff was an employee of Defendant, there must have been either an explicit or implied contract, be it written or oral, between the parties, satisfying the first element.  However, Plaintiff has not pled sufficiently the second element—that the

---

[3] Count I of Plaintiff's Complaint will not be addressed by this Court. Count I does not provide a legal basis for recovery, but consists of factual allegations and an unsupported request for favorable judgment and damages. As such, this Court begins its analysis with Count II and will make no determination as to Count I.

[4] In Plaintiff's Brief, he also argues that there has been a breach of the implied covenant of good faith and fair dealing. (Plaintiff's Brief in Opp. to Mot. to Dismiss.) However, as this was not addressed in the Complaint as a cause of action, this Court will not consider the argument. "'[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Commonwealth of Pa. ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1007 (7th Cir. 1984)).

contract between the parties was in fact breached by Defendant.  A copy of the contract between the parties is not attached to the Complaint, nor does the Complaint detail the terms of the contract.  As such, this Court is unable to determine whether it is plausible that the contract was breached by Defendant.  Although the Complaint provides that "Defendant's refusal to remit the monies due and owing to Plaintiff constitutes a breach of contract," (Compl. ¶ 15), this statement is conclusory and lacks factual allegations to substantiate the claim.  See Chemtech Int'l, Inc. v. Chem. Injection Technologies, Inc., 170 F. App'x 805, 808 (3d Cir. 2006) ("Stating that a contract was breached is stating a legal conclusion. Stating that a document was signed, that the document called for certain performance, and that performance did not occur are all factual allegations that would underpin this legal conclusion.").  As such, Plaintiff's breach of contract claim is dismissed without prejudice.

### B.  Libel and/or Slander Claim

Count III of Plaintiff's Complaint brings a claim for libel and/or slander.  "To establish defamation under New Jersey law, a plaintiff must show the defendant (1) made a false and defamatory statement concerning the plaintiff, (2) communicated the statement to a third party, and (3) had a sufficient degree of fault."  Mangan v. Corporate Synergies Group, Inc., 834 F. Supp. 2d 199, 204 (D.N.J. 2011) (citing Singer v. Beach Trading Co., 379 N.J. Super. 63, 79 (App. Div. 2005)).

The Complaint does not allege that Defendant communicated a defamatory statement to a third party.  The Complaint merely provides that "Defendant fired Plaintiff claiming that Plaintiff committed a breach of the Defendant's ethical code by obtaining information in the possession of another agent/broker" and that "[s]uch allegation was false" and made "to libel/slander the Plaintiff."  (Complaint ¶¶ 7-9.)  This

6

is not sufficient to establish a claim for libel and/or slander. In Plaintiff's Brief, he provides that "Defendant made false and disparaging statements about Plaintiff and his conduct in connection with his employment and the ethics code and did so to other employees and individuals in Plaintiff's industry." (Plaintiff's Brief in Opp. to Mot. to Dismiss.) However, Plaintiff does not introduce this allegation in the Complaint; it is addressed for the first time in Plaintiff's Brief. Again, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Pepsico, 836 F.2d at 181 (quoting Car Carriers, 745 F.2d at 1007). As the Complaint does not provide factual allegations showing that a defamatory statement was communicated to a third party, the libel/slander claim is dismissed without prejudice.

## C.  Intentional Infliction of Emotional Distress Claim

Count IV of Plaintiff's Complaint brings a claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, a plaintiff must allege: (1) that the defendant was either deliberate or reckless in his actions, disregarding "the high probability that emotional distress will follow"; (2) that the defendant's conduct was outrageous or extreme "beyond all possible bounds of decency"; (3) that the defendant's conduct was the proximate cause of the plaintiff's emotional distress; and (4) that the plaintiff's emotional distress was "so severe that no reasonable man could be expected to endure it." Lascurain v. City of Newark, 349 N.J. Super. 251, 277 (App. Div. 2002) (citing Buckley v. Trenton Saving Fund Soc'y, 111 N.J. 355, 366 (1988) (internal quotations omitted)). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Buckley, 111 N.J. at 366.

Plaintiff fails to plead facts sufficient to establish a claim for intentional infliction of emotional distress.  A plaintiff must show that the defendant was "deliberate or reckless" in his actions and that the defendant's conduct went "beyond all possible bounds of decency."  Lascurain, 349 N.J. Super. at 277 (citing Buckley, 111 N.J. at 366).  The Complaint does not satisfy this burden.  The Complaint provides that "Defendant knowingly and/or negligently [made wrongful allegations against Plaintiff] with the intent to deprive plaintiff of commissions he earned."  (Compl. ¶ 9.)  This allegation is not sufficient to survive a Rule 12(b)(6) motion.

As previously stated, this Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka, 481 F.3d at 195 (citation omitted), and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth, 448 F. Supp. 2d at 609 (citing Papasan, 478 U.S. at 286). The Complaint provides no more than threadbare, unsupported conclusions that Defendant acted deliberately or recklessly; Plaintiff provides no underlying facts that show that this conclusion should be accepted by the Court.

Further, there is no evidence that supports the conclusion that Defendant's conduct was beyond all possible bounds of decency.  "The termination of an employee, whatever the secret motive underlying it, is the kind of event that happens every day; such an act is not even a breach of modern-day business etiquette, much less an uncivilized barbarism.  Quite a bit more . . . must accompany a firing if it is to be deemed 'outrageous.'" Borecki v. E. Int'l Mgmt. Corp., 694 F. Supp. 47, 61 (D.N.J. 1988) (quotation omitted).  Without providing more to substantiate a claim that Defendant engaged in outrageous conduct that is intolerable in a civilized community, either

8

deliberately or recklessly, Plaintiff's claim cannot stand.[5]  Accordingly, the intentional infliction of emotional distress claim is dismissed without prejudice.

**D. Fraud/Conversion Claim**

Count V of Plaintiff's Complaint brings a claim for fraud.  To establish a claim for common law fraud, there must be "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."  Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997) (citing Jewish Ctr. of Sussex County v. Whale, 86 N.J. 619, 624-25 (1981)). As previously stated, there is also a heightened pleading standard when alleging fraud: "a party must state *with particularity* the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b) (emphasis added).

Taking the allegations in the Complaint as true, as this Court must under a Rule 12(b)(6) motion, the first element of common law fraud—a material misrepresentation of a presently existing or past fact—is satisfied.  The Complaint provides that Defendant fired Plaintiff for breach of Defendant's ethical code and further claims that such allegation was false; these allegations establish that Defendant made a material misrepresentation of fact.  (Compl. ¶¶ 7, 8.)  However, the Complaint fails to assert with

---

[5] In his Brief, Plaintiff argues that he was terminated "in retaliation for [] requesting leave under the [Family Medical Leave Act] due to his wife's traumatic and complicated pregnancy." (Plaintiff's Brief in Opp. to Mot. to Dismiss.)  As this was not addressed in the Complaint as a reason for the termination, the Court will not consider the claim.  Once again, "'it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Pepsico, 836 F.2d 173, 181 (3d Cir. 1988) (quoting Car Carriers, 745 F.2d 1101, 1007 (7th Cir. 1984)).

particularity, or even generally, that Defendant knew or believed the allegation was false or that Plaintiff relied on the allegation.

Although the second element—the defendant's knowledge or belief of the fact's falsity—is not always required when equitable fraud is being claimed, the other four elements of common law fraud remains essential and must be satisfied. See Whale, 86 N.J. at 625. Therefore, regardless of whether legal or equitable fraud is being claimed, Plaintiff must show with particularity that there was reasonable reliance on the misrepresented fact. This reliance was not alleged in the Complaint with particularity, nor was it alleged generally. As the Complaint has not provided sufficient factual allegations to show that Plaintiff reasonably relied on the misrepresentation, Defendant's Motion to Dismiss is granted as to the common law fraud claim.

Significantly, the claims asserted in Count V of Plaintiff's Complaint are tied to the breach of contract claim. "The New Jersey District Courts still hold that fraud claims not extrinsic to underlying contract claims are not maintainable as separate causes of action." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 144 (3d Cir. 2001). Even if the Complaint were to sufficiently allege the elements of common law fraud, Plaintiff would be unable to maintain his common law fraud claim because it is intrinsic to his breach of contract claim.

Count V of Plaintiff's Complaint also brings a claim for conversion. To state a claim for common law conversion, the following elements must be alleged: "(1) the existence of property, (2) the right of immediate possession thereof belonging to plaintiff, and (3) the wrongful interference with that right by defendant." Torsiello v. Strobeck, 955 F. Supp. 2d 300, 312 (D.N.J. 2013) (quoting Corestar Int'l PTE. Ltd. v. Commc'ns, Inc., 513 F. Supp. 2d 107, 127 (D.N.J. 2007)). Plaintiff fails to show that his

10

property, if in fact taken, was taken wrongfully or that Plaintiff had a right to immediate possession of the commissions. As previously stated in reference to the breach of contract claim, a copy of the contract between the parties was not attached to the Complaint, nor does the Complaint detail the terms of the contract. As such, this Court cannot find that Defendant was not authorized to withhold commission payments from Plaintiff. Accordingly, both the common law fraud and conversion claims are dismissed by this Court without prejudice.

### E.  Violation of the New Jersey Consumer Fraud Act Claim

Count VI of Plaintiff's Complaint purports to bring a claim for a violation of the New Jersey Consumer Fraud Act ("NJCFA"). To state a claim for a violation of the NJCFA, a plaintiff must allege each of three elements: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." N.J. Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 12-13 (App. Div. 2003).

As to the unlawful conduct requirement, the NJCFA provides that:

> The act . . . of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid . . . is declared to be an unlawful practice . . . .

N.J.S.A. § 56:8-2 (1976). As previously stated, there is also a heightened pleading standard when alleging fraud: "a party must state *with particularity* the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b) (emphasis added). This

11

pleading standard "does not require that a plaintiff claiming fraud plead the date, place or time of the fraud." NN&R, Inc. v. One Beacon Ins. Group, 362 F. Supp. 2d 514, 518 (D.N.J. 2005).  However, "the plaintiff must indicate at the very least who made the material representation giving rise to the claim and what specific representations were made." One Beacon, 362 F. Supp. at 518 (quoting Mardini v. Viking Freight, Inc., 92 F. Supp. 2d 378, 385 (D.N.J. 1999)).  Plaintiff does not satisfy this burden.

Plaintiff claims that "Defendant employed/used an unconscionable commercial practice to defraud Plaintiff out of money due and owing to him." (Compl. ¶ 24.)  This statement, as well as the other pertinent statements in the Complaint, do not state *with particularity* that Defendant engaged in fraudulent conduct.  Assuming that the allegations made against Plaintiff were *false*, as this Court must on a Rule 12(b)(6) motion, Plaintiff does not provide sufficient facts to substantiate that the allegations were *fraudulent*.  Plaintiff provides no details concerning the allegations made against him except that they were the alleged reason for his termination. Besides the conclusion drawn by the Plaintiff that the allegations were false, this Court has no facts from which it can possibly conclude that fraud was actually involved in Plaintiff's termination. Plaintiff must provide more to satisfy the heightened pleading standard set by Rule 9(b) and as interpreted by this Court. Accordingly, the NJCFA claim is dismissed without prejudice.

**F.  Improper Termination Claim**

Count VII of Plaintiff's Complaint attempts to bring a claim for improper termination.  "Under New Jersey law, employment is considered at-will in the absence of 'explicit, contractual terms' providing otherwise." Robles v. United States Envtl. Universal Servs., Inc., 469 Fed. Appx. 104, 108 (3d Cir. 2012) (quoting Bernard v. IMI

Sys., Inc., 131 N.J. 91, 106 (1993)). As the Complaint does not detail the terms of the contract between the parties and a copy of the contract was not attached to the Complaint, this Court considers the employment relationship between the parties to be at-will. "An at-will employee may be terminated 'for any reason, be it good cause, no cause, or even morally-wrong cause . . . .'" Robles, 469 F. App'x at 108 (quoting D'Agostino v. Johnson & Johnson, Inc., 133 N.J. 516, 527 (1993)). As such, the wrongful termination claim cannot stand because Defendant was at liberty to terminate Plaintiff for any cause or for no cause at all.

Plaintiff argues in his Brief that his wrongful termination claim is based on the understanding that an at-will employee cannot be terminated when the termination violates to a clear mandate of public policy. (Plaintiff's Brief in Opp. to Mot. to Dismiss.) However, even if Defendant's allegations that Plaintiff breached the ethical code were false, termination as a result of this allegation does not violate a clear mandate of public policy. Plaintiff claims that it was a violation of public policy for Defendant to terminate Plaintiff based on Plaintiff's request for leave under the Family Medical Leave Act. However, as previously stated, the Complaint does not allege facts showing that this was Defendant's motivation for terminating Plaintiff, and the allegations and arguments made in Plaintiff's Brief will not be considered by this Court. Accordingly, this allegation cannot be the basis for the wrongful termination claim. Therefore, Plaintiff's wrongful termination claim is dismissed by this Court.

### G. Quantum Meruit Claim

Count VIII of Plaintiff's Complaint asserts Plaintiff's claim under the theory of quantum meruit. "Quantum meruit is a quasi-contractual remedy in which a contract is implied-in-law under a theory of unjust enrichment; the contract is one that is implied

in law, and not an actual contract at all." <u>Allegheny Gen. Hosp. v. Phillip Morris</u>, 228 F.3d 429, 447 (3d Cir. 2000) (internal quotations omitted). "To state a claim for recovery based on quantum meruit, a plaintiff must establish four elements: (1) the performance of services in good faith; (2) the acceptance of the services by the person to whom they are rendered; (3) an expectation of compensation therefore; and (4) the reasonable value of the services." <u>TBI Unlimited, LLC v. Clearcut Lawn Decisions, LLC</u>, 2013 WL 1223643, *5 (D.N.J. Mar. 25, 2013) (citing <u>Starkey, Kelly, Blaney, & White v. Estate of Nicolaysen</u>, 172 N.J. 60, 68 (2002)).

Plaintiff fails to satisfy the first element of a quantum meruit claim—the performance of services in good faith. In the Complaint, Plaintiff claims that he was employed by Defendant as a real estate agent/broker, which this Court takes as true under a Rule 12(b)(6) motion. (Compl. ¶ 1.) Further, the Complaint states that "Plaintiff met or exceeded goals for payment of commissions as agreed." (Compl. ¶ 2.) However, the Complaint does not provide what services Plaintiff performed for Defendant, when he performed such services, how often he performed them, et cetera. In fact, the Complaint never explicitly states that Plaintiff performed services for Defendant. Instead, this Court must make the inference that because Plaintiff was employed as a real estate agent/broker by Defendant and met the goals expected of him to receive payment, he must have performed services for Defendant, and also that he must have done so in good faith. This Court need not accept this inference. Accordingly, Plaintiff's claim based on the theory of quantum meruit is dismissed without prejudice.

## IV.     Conclusion

For the reasons stated above, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted on the entirety of the Complaint.  As such, Plaintiff's breach of contract, libel/slander, intentional infliction of emotional distress, fraud/conversion, NJCFA, improper termination, and quantum meruit claims are all dismissed without prejudice. The Court grants Plaintiff leave to amend the Complaint to fix the deficiencies stated above, if possible, within ten days.

An appropriate order shall follow.


Dated:  September 25, 2014                   /s/ Joseph H. Rodriguez__
                                                                                     JOSEPH H. RODRIGUEZ
                                                                                     UNITED STATES DISTRICT JUDGE